UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALYSHA CUMMINS ) | |
| ) | Case No.: 1:19-cv-04014 |
| Plaintiff, ) | |
| ) | Judge: |
| v. ) | |
| ) | |
| ONLINE INFORMATION SERVICES, INC. *dba* ) | **COMPLAINT** |
| ONLINE COLLECTIONS ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, Alysha Cummins ("Plaintiff"), for her complaint against Online Information Services, Inc. *dba* Online Collections ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), stemming from Defendant's unlawful debt collection practices as more fully described in this complaint, *infra*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business in the Southern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Southern District of Indiana.

PARTIES

4. Plaintiff, Alysha Cummins, is a natural adult person residing in Crawfordsville, Indiana, and is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

5. Defendant, Online Information Services, Inc. *dba* Online Collections, is a North Carolina corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

6. In its communications to consumers, Defendant identifies itself as a "debt collector."

7. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

FACTS SUPPORTING CAUSES OF ACTION

8. As Plaintiff was reviewing her credit reports, she discovered an entry bearing Defendant's name that was reporting a delinquent $135 consumer debt originally owed to *Duke Energy MW* in an active collection status (the "Subject Account"). Relevant pages from Plaintiff's Experian credit report, dated May 23, 2019, are attached to this complaint as Exhibit A.

9. The Subject Account does not belong to Plaintiff.

10. Defendant attempted to collect the Subject Account from Plaintiff by continuing to furnish the Subject Account to Experian despite Plaintiff's prior disputes to Defendant and/or Experian regarding the Subject Account. *See* Exhibit A.

11. On or around May 23, 2019, confused and upset upon discovering that the false Subject Account was continuing to inaccurately appear on her credit report, Plaintiff called Defendant (the "Phone Call").

12. During the Phone Call, Defendant identified itself to Plaintiff as a "debt collector."

13. During the Phone Call, Plaintiff sought additional information about the Subject Account from Defendant's agent, told Defendant's agent that the Subject Account did not belong to her, and disputed Defendant's continued collection activity in connection with the Subject Account.

14. During the Phone Call, despite Plaintiff verbal dispute alerting Defendant to the fact that the Subject Account did not belong to Plaintiff, Defendant's agent attempted to collect the Subject Account from Plaintiff.

15. During the Phone Call, Defendant's agent represented to Plaintiff that the balance of the Subject Account was $100.08.

16. During the Phone Call, Plaintiff became confused by the difference between the unpaid balance of the Subject Account that was reflected in her credit report ($135) and the unpaid balance of the Subject Account that Defendant represented to Plaintiff during the Phone Call ($100.08).

17. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully, with reckless disregard for her rights and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

18. Plaintiff was misled by Defendant's collection activity in connection with the Subject Account.

19. Plaintiff justifiably fears that, absent this Court's intervention, Defendant and/or other assignees/purchasers of the Subject Account will continue to dun her for a debt she does not owe.

20. Plaintiff justifiably fears that, absent this Court's intervention, Defendant and/or other assignees/purchasers of the Subject Account will continue to use abusive, deceptive and unlawful means in attempting to collect the Subject Account from her.

21. Plaintiff justifiably fears that, absent this Court's intervention, Defendant and/or other assignees/purchasers of the Subject Account will continue to cause unwarranted harm to Plaintiff's credit or cause her other economic harm.

22. As a result of Defendant's conduct, Plaintiff was forced to employ counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

23. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint, *supra*.

## GROUNDS FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692d, e, e(2)(A), e(10), f and f(1)*

24. All prior paragraphs are incorporated into this count by reference.

25. The FDCPA states, in relevant part:

> "A debt collector may not engage in any conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

26. Defendant violated 15 U.S.C. §§ 1692d, e, e(2)(A), e(10) and f via its credit reporting concerning the Subject Account and during the Phone Call by seeking payment of the Subject Account from Plaintiff when Defendant knew or should have known that the Subject Account did not belong to Plaintiff.

27. As an experienced debt collection agency, Defendant knows that it cannot dun a consumer in connection with a debt the consumer does not owe.

28. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1) by attempting to collect conflicting balances from Plaintiff in connection with the Subject Account ($135 – credit reporting vs. $100.08 – Phone Call). In doing so, Defendant made a false representation as to the amount of the Subject Account that was actually still due and owing.

29. As an experienced debt collection agency, Defendant knows that its representations to consumers concerning the amount a debt collector is legally entitled to collect, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

30. Plaintiff was justifiably confused and skeptical of Defendant's representations concerning the amount of money Defendant was legally able to collect from her.

31. As set forth in paragraphs 18 through 23, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this complaint.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alysha Cummins, respectfully requests that this Court enter judgment in her favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

    d) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 25th day of September, 2019.        Respectfully Submitted,

                                            */s/ Geoff B. McCarrell*
                                            Geoff B. McCarrell #0086427
                                            David S. Klain #0066305
                                            CONSUMER LAW PARTNERS, LLC
                                            333 N. Michigan Ave., Suite 1300
                                            Chicago, Illinois 60601
                                            (267) 422-1000 (phone)
                                            (267) 422-2000 (fax)
                                            geoff.m@consumerlawpartners.com

                                            *Counsel for Plaintiff*

## JURY DEMAND

    Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                            */s/ Geoff B. McCarrell*
                                            Geoff B. McCarrell #0086427
                                            CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

| | |
|---|---|
| STATE OF INDIANA | ) |
| | ) ss |
| COUNTY OF MONTGOMERY | ) |

Pursuant to 28 U.S.C. § 1746, Plaintiff, Alysha Cummins, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  9/25/2019  _____

_____
DocuSigned by:
*Alysha C.*
0AAD56477F72460...
Signature